IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WHITEWAY<br><br>        Plaintiff,<br><br>v.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.,<br><br>        Defendant. | No. C 05-2320 SBA<br><br>**ORDER**<br><br>[Docket No. 7] |

This matter comes before the Court on Defendant's Motion for More Definite Statement. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court hereby finds the matter appropriate for resolution without a hearing. The Court HEREBY DENIES Defendant's Motion for More Definite Statement.

### BACKGROUND

**The Complaint**

Stephen Whiteway ("Plaintiff") brings this action on behalf of himself and all similarly situated persons employed as salaried Store Managers by FedEx Kinko's Office and Print Services, Inc.[1] ("Defendant"), and thereby classified as "overtime-exempt employees any time between the commencement of the pay period including May 19, 2001 and the present" (defined as "Class Members"). Complaint ¶¶ 14, 21. Plaintiff alleges that he, and other Class Members, were incorrectly designated as salaried employees since "Store Manager positions...have not and currently do not meet the test for exemption from the payment of overtime wages." *Id.* ¶ ¶ 5 & 12. Consequently, Plaintiff alleges in his Complaint the

---

[1] Plaintiff also includes Does 1 through 25 as defendants in his complaint, however the Motion for More Definite Statement is brought by FedEx Kinko's Print Service, Inc. alone.

following causes of action against Defendant:

>   (1st) Unfair Business Practices under the Unfair Competition Act, in violation of California Business & Professions Code §§ 17200-17208;
>
>   (2nd) Unlawful Failure to Pay Required Overtime, in violation of California Labor Code § 510;
>
>   (3rd) Failure to Provide Meal and Rest Periods, in violation of California Labor Code §§ 226.7 and 512; and
>
>   (4th) Failure to Provide Accurate Itemized Wage Statements, in violation of California Labor Code § 226.

Defendant brings this motion in an attempt to have Plaintiff clarify the basis, and supporting facts, upon which he alleges Defendant wrongly classified him as exempt.

## LEGAL STANDARD

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Motions for a more definite statement are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc*., 874 F.Supp. 1072, 1077 (C.D. Cal.1994). A plaintiff need only set forth enough details so as to provide the defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990).

Rule 12(e) motions are viewed with disfavor and are rarely granted. *Id.* The inability to ascertain all of the facts from a complaint is not an adequate ground for a more definite statement, as these concerns can be addressed through discovery. *See Resolution Trust Corp. v. Gershman*, 829 F.Supp. 1095, 1103 (E.D. Mo. 1993) ("[r]ule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail."); *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal.1981) ("[d]ue to the liberal pleading standards in the federal courts ... and the availability of extensive discovery, the availability of a motion for a more definite statement has been

substantially restricted").

## DISCUSSION

Here, the Complaint provides Defendant and the Court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery. *Self Directed Placement Corp.*, 908 F.2d at 466. Plaintiff alleges he and others were wrongly classified as exempt from overtime wages. The basis for that belief, and the underlying evidentiary support, may be made through discovery. Defendant misconstrues Plaintiff's obligation when it argues Plaintiff must also allege the basis of the belief in the complaint.

Defendant relies upon inapplicable cases where courts found a plaintiff's complaint ambiguous and thus either dismissed the claim or required a more definite statement. In *Larry Ira Cox v. Transunion, Inc.,* the plaintiff alleged that the defendant violated the Fair Credit Reporting Act by failing to remove erroneous and unverified information from the plaintiff's personal credit report. 2003 WL 22245323 *1 (Sep. 26 2003, D. Kan. 2003). The complaint failed to include: a) factual averments that set forth the substance of the alleged erroneous and unverified information; b) factual averments that set forth the alleged notice the plaintiff gave the defendant and defendant's response, if any; and c) factual averments supporting the plaintiff's allegation that the defendant ignored the rules and regulations of the Fair Credit Reporting Act. *Id.* Unlike *Larry Ira Cox*, Plaintiff's complaint specifies that he and others did not meet the test for exemptions from overtime wages and were mis-classified as salaried or exempt from overtime pay. Plaintiff specifically identifies this mis-classification as a basis for his allegations that Defendant violated California state wage and hour labor laws. Such allegations adequately meet Plaintiff's pleading burden under Rule 8(a).

Defendant also mistakenly relies upon *Van Dyke Ford, Inc. v. Ford Motor Company, et al.*, 399 F.Supp. 277 (E.D. Wi. 1975). In that case, the plaintiff's complaint included a conclusory allegation of antitrust law violation, stating the defendants "combined, contracted and conspired and continued to combine, contract and conspire to monopolize and unreasonably restrain trade and commerce..." *Id.* at 281. In the Ninth Circuit, conspiracy claims are subject to a heightened pleading standard, i.e., a more demanding standard than is set forth in Fed.R.Civ.P. 8(a)(2). *See Harris v. Roderick,* 126 F.3d 1189, 1195 (9th Cir.1997)*.* Here, however, Plaintiff is not alleging conspiracy, thus the *Van Dyke* case, and the

1 heightened pleading requirement, is inapposite to these circumstances.

2 Defendant also argues that discovery would be burdensome if Plaintiff does not more particularly
3 identify how Defendant mis-classified Plaintiff as non-exempt.  First, if Defendant classified Plaintiff as
4 exempt, it should know the basis upon which it so classified and the reasons supporting such classification.
5 Second, a Rule 12(e) motion is not a proper basis upon which to raise concerns about, nor seek,
6 discovery.  *See Wood v. Apodaca*, 375 F.Supp.2d 942, 949 (N.D. Cal. 2005) ("A Rule 12(e) motion is
7 not a substitute for discovery.")  Defendant concedes as much when it states "a motion for more definite
8 statement is generally not granted where any omitted detail is obtainable through discovery."  Reply 3.
9 Third, the authority Defendant relies upon for this argument does not concern burdensome discovery, but
10 involves a defendant's motion for summary judgment, and the burden the Court faced in sifting through the
11 plaintiff's claims.  *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).  It is clear, however, what
12 claim Plaintiff is alleging in the instant complaint: Defendant improperly classified Plaintiff and other Class
13 Members as salaried or exempt employees.  Thus, to the extent Defendant wishes for more detail
14 concerning Plaintiff's allegations, it may properly pursue those inquires through the discovery process.

## **CONCLUSION**

For foregoing reasons, the Motion for a More Definite Statement is DENIED.

IT IS SO ORDERED.

Dated: 11/14/05

SAUNDRA BROWN ARMSTRONG
United States District Judge

4