Jonathan M. Cohen (SBN 168207)
Dylan B. Carp (SBN 196846)
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
Four Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 249-1000
Facsimile: (415) 249-1001
E-Mail: jcohen@klng.com
E-Mail dcarp@klng.com

Attorneys for Defendant
FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| STEPHEN WHITEWAY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., and DOES 1 through 25, inclusive,<br><br>*Defendants*. | Case No. C 05-02320 SBA (JCS)<br><br>**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**<br><br>Date Action Filed: May 19, 2005<br>Trial Date: Not set |

# I. FINDINGS

It is desirable for the parties and their respective counsel to coordinate efforts and to exchange information for purposes of this action in the most expeditious fashion possible, with a minimum of burden, expense and delay.

This Protective Order is intended to protect confidential and proprietary information and documents that may be sought in discovery, while ensuring that the parties may obtain and pursue discovery with a minimum of delay and expense.

Fed. R. Civ. P. 26(c) provides for the issuance of protective orders limiting the disclosure of confidential information, including confidential commercial information, in appropriate circumstances.

The entry of this Protective Order will permit discovery to proceed more expeditiously and with less expense by, among other things, providing protection of confidential information.

# II. PROTECTION OF CONFIDENTIAL MATERIAL

1.  The following words have the following meanings for the purposes of this order:

    a.  "Documents" means all documents, and the information contained therein, including but not limited to the following:

        i)   documents produced in response to document requests or subpoenas;
        ii)  interrogatory answers, including documents referred to in such answers;
        iii) deposition transcripts, including exhibits; and
        iv)  admissions in response to requests for admissions.

    b.  "Confidential Material" means Documents, or portions thereof, containing sensitive business and/or proprietary information which the parties or any Producer in good faith reasonably determine to be within the scope of Fed. R. Civ. P. 26(c)(7) and designates as "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY," as described below.

    c.  "Producer" means a party to this action or a non-party to this action that produced Documents during discovery in this action.

        d.      "Designate" means placing a confidentiality legend on a Document as described below.

        e.      "Designator" means a party to this action that Designates Documents as Confidential Material.

2.      Designation of Documents as Confidential Material:

        a.      The Parties shall act in good faith to designate as Confidential Material only those portions of Documents that contain sensitive business and/or proprietary information.

        b.      A party may Designate Documents as "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" under the terms of this Protective Order if the party believes that such material constitutes or reveals information that is not publicly available, a confidential trade secret, or other proprietary or confidential business information that requires the protection afforded herein. The designation of material as such shall not constitute a presumption that the material has been appropriately designated and is without prejudice to the right of a party to challenge such designation;

        c.      Designation of Documents as Confidential Material shall be made by placing one of the following two legends (hereinafter referred to as the "Confidential Legend") on the face of the document and on each page so designated:

           i.      "CONFIDENTIAL," or

           ii.     "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY."

        d.      A party or a Producer shall designate a Document as Confidential Material by placing the Confidential Legend on the Document before serving it;

        e.      Designation of responses to interrogatories or requests for admissions and the information contained therein as Confidential Material shall be made by placing the Confidential Legend on each page of any response containing information designated as Confidential Material before service of the response;

        f.      A party may designate deposition testimony, including exhibits, as Confidential Material if the deponent is or was employed or retained by the party and testifies about Confidential Material of that party. Designation of deposition testimony, including exhibits, as

Confidential Material shall be made by placing a statement to such effect on the record in the course of the deposition of any such person, or by notifying all parties in writing within ten (10) days of the Designator's receipt of the transcript. If such designation is made during the deposition, the Court reporter shall place the Confidential Legend on each page of the transcript containing material designated as Confidential Material. If designation is made during the 10-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the Confidential Legend at the top of each page so designated and each photocopy thereof.

  g. If Confidential Material, or quotes from or references that would reveal Confidential Materials, are to be included in papers filed with or otherwise disclosed to the Court, the Confidential Legend shall be placed on the cover page of each such papers, and such papers shall be filed under seal and shall not be disclosed to any person unless ordered by the Court. The procedures necessary to preserve the confidentiality of Confidential Materials presented at trial of this action shall be considered at or prior to the beginning of such trial.

  h. Designations of Documents other than those mentioned in paragraphs 2(c) - 2(f) of this Order as Confidential Material shall be made by placing the Confidential Legend on the face of each such Document.

  i. The categories of documents that may be designated CONFIDENTIAL FOR ATTORNEYS' EYES ONLY are limited to the following: personnel files, employees' salaries, employees' disciplinary history, employees' addresses and phone numbers, and other employee personal information (other than Whiteway), and confidential financial statements of FedEx Kinko's. If either party later expresses a desire to designate additional categories of documents CONFIDENTIAL FOR ATTORNEYS' EYES ONLY, the parties agree to negotiate in good faith over amendments to this Stipulated Protective Order to include any additional appropriate categories of documents. If no agreement is reached, the parties will seek court involvement to resolve the dispute.

 3. Confidential Material subject to this Order shall be used solely for the purpose of this action.

4.  Documents or information need not be treated as Confidential Material by any party to whom the information or Documents are produced if the Documents or information (i) was in the possession or existed in the files of that party prior to production in this action or (ii) are received at any time from a non-party in rightful possession of such information and under no obligation not to disclose; provided, however, that, notwithstanding (i) and (ii) above, Documents or information in the possession of any party, or non-party, or its attorneys, by virtue of a binding confidential relationship or that is subject to a protective order or received in the course of settlement discussions in this or any other action, shall remain confidential and shall continue to be subject to the use and disclosure restrictions set forth in the protective order in that other litigation.

5.  All Documents Designated as "CONFIDENTIAL" shall be kept in a confidential manner and may be disclosed only to and among the following persons, and only to the extent necessary for such recipient to perform assigned tasks:

   a.  attorneys for any of the parties, including in-house counsel who are participating or assisting in the conduct of this action, employees or agents of any party, or employees of any party's attorneys who are working under such attorneys' supervision;

   b.  any person who otherwise would be entitled to review said Documents as a result of contractual obligations or local, state, federal or other law, provided, however, that the party disclosing said Documents pursuant hereto advises all other parties, in writing, of the production demand thirty (30) days in advance of such production, to the extent practicable, and provided further that nothing in this Protective Order purports to limit the right under Labor Code Section 1198.5(a);

   c.  any current or former director, officer, employee, or agent of a party who is required by such party to work directly on this action, including anyone responsible for the supervision or settlement of this action, but only in connection with such work;

   d.  any person not employed by a party or retained by a party or its counsel, of whom testimony is taken or may be taken in this action, except that such a person may see and retain copies of said Documents only during his or her testimony, in preparation therefore, or in discussions of possible testimony, and may not thereafter retain copies of any said Documents;

   e. any person not employed by a party who is expressly retained by the party or by an attorney described in paragraph 7(a) above to assist in preparation of this action, including but not limited to experts;

   f. The Court, Court personnel, and Court reporters or their personnel, involved in the adjudicative process.

 6. All Documents Designated as "CONFIDENTIAL FOR ATTORNEYS EYES ONLY" shall be kept in a confidential manner and may be disclosed only to and among the following persons, and only to the extent necessary for such recipient to perform assigned tasks:

   a. attorneys for any of the parties, but not including in-house counsel who are participating or assisting in the conduct of this action, employees or agents of any party, or employees of any party's attorneys who are working under such attorneys' supervision;

   b. any person who otherwise would be entitled to review said Documents as a result of contractual obligations or local, state, federal or other law, provided, however, that the party disclosing said Documents pursuant hereto advises all other parties, in writing, of the production demand thirty (30) days in advance of such production, to the extent practicable;

   c. any person not employed by a party who is expressly retained by the party or by an attorney described in paragraph 7(a) above to assist in preparation of this action, including but not limited to experts, provided that the party intending to make such disclosure must first serve on all parties notice of such intent, and may not make the disclosure until the following procedure as been exhausted. Any party may object to such disclosure by serving a notice of objection within five (5) days of service of the intent to disclosure. Upon service of such notice of objection, the party intending to make the disclosure must file a motion for a determination that the material may be disclosed. The procedure for such motion shall be governed by California Northern District Local Rule 37-1;

   d. The Court, Court personnel, and Court reporters or their personnel, involved in the adjudicative process.

 7. Any person who discloses Confidential Material to any person identified in paragraphs 5 or 6 shall advise each person to whom such disclosure is made of the terms of this Protective Order.

If Confidential Material is disclosed to a person identified in paragraph 5(e) or 6(c), that person shall sign a written Certification ("Consent Agreement") that he is familiar with the contents of this Protective Order and consents to be bound by its terms. A form of such Consent Agreement is attached hereto as Exhibit A. A copy of each Consent Agreement so obtained shall be retained by the party that discloses Documents Designated as "Confidential" to such person. No party shall be required to produce such Consent Agreement to any other party except upon an order of the Court.

8. Any party may object in good faith, at any time, to the designation of any Documents as Confidential Material by serving a written notice of objection to such designation upon all parties. Such notice of objection shall identify specifically the Documents, material or information as to which the objecting party wishes to have the designation removed and shall set forth the reasons for such removal. The Documents, material or information subject to the objection will then lose the protection of this Protective Order unless the Designator, within ten (10) days after service of such notice of objection, files and serves a motion for a determination that the material should be protected as Confidential Material under the terms of this Protective Order. The procedure for such motion shall be governed by California Northern District Local Rule 37-1. If such a motion is timely filed and served, the designated material in question shall continue to be treated as Confidential Material subject to the terms of this Protective Order until the Court orders otherwise. Calculation of time periods under this paragraph shall be governed by Fed. R. Civ. P. 6.

9. The restrictions set forth in Paragraphs 5 and 6 on the use of Confidential Material do not apply to any use by the Producer of such Confidential Material.

10. Within ninety (90) days after conclusion of this action, whether by dismissal, final judgment, completion of appeal, or settlement, counsel of record shall, upon written request from the Producer or Designator, return to the Producer or Designator all Confidential Material covered by this Protective Order or, in the alternative, at the option of the Producer or Designator, shall immediately after that time, destroy all such Confidential Material and provide, upon written request of the Producer or Designator, the Producer or Designator with a sworn declaration to that effect.

11. Originals and copies of deposition transcripts, responses to interrogatories, responses to requests for admissions, and responses to requests for production of documents in this action shall

not be routinely filed with the Court. Any party may offer any Confidential Material in connection with motions or briefs, or at hearings, or trial in this action. Any Confidential Material submitted to, presented to, or filed with the Court prior to trial shall be placed in a sealed envelope or other appropriate container by the party making the submission and shall not be made available to persons other than as authorized by this Protective Order. The envelope or container shall bear the following statement:

CONFIDENTIAL MATERIALS. Subject to Protective Order in WHITEWAY V. FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., Case No. C 05-02320 SBA (JCS). This envelope [or container] contains documents filed in this case by [name of party] and is not to be opened nor the contents to be displayed nor revealed except by the Court or by order of the Court. Confidential Material shall not lose its confidential status because it is used in any Court proceeding herein.

12. If a Producer produces "Confidential Material" without designating it as such and subsequently fails to designate a document as "Confidential Material" pursuant to Section 2 of this Protective Order, the Producer may designate such material as "Confidential Material" as follows:

a. Within thirty (30) days of the discovery of its failure to designate, the Producer must give written notice to all parties who received copies of the produced Documents that the Producer claims said Documents, in whole or in part, to be Confidential Material and must state the nature of the confidentiality; and

b. Upon receipt of such notice, all parties who have received copies of the produced Documents shall promptly use reasonable efforts to place the Confidential Legend on the Documents designated as Confidential Material;

c. Challenges to the designation of information as Confidential Material in accordance with the terms of this paragraph shall be handled pursuant to the procedure set forth in Section 9 of this Protective Order.

13. Neither the provisions of this Protective Order, nor any designation or failure to designate any Document as Confidential Material hereunder shall, in this action or any other

1  litigation, constitute a *per se* waiver of any party's assertion of confidentiality with respect to any
2  other Document covered or not covered by this Protective Order.

3      14.    Notwithstanding any other provision of this Protective Order, at any time, all of the
4  parties in this action may, by written agreement, designate any Documents as Confidential Material
5  subject to the protections herein.

6      15.    This Protective Order and the agreements embodied herein shall survive the
7  termination of this action, whether by dismissal, final judgment, completion of appeal or settlement,
8  and shall continue in full force and effect thereafter. Once the Court has signed this Protective Order,
9  the Court shall retain jurisdiction over any disputes arising under this Order, whether they occur
10 before or after such termination.

11     16.    Any party may, under the procedures set forth in Local Rule 37-1, move the Court for
12 an order modifying, amending, or dissolving the terms of this Protective Order.

13     17.    The provisions of this Protective Order shall apply to any Documents produced in this
14 action before or after the date this Protective Order is executed.

18. This Protective Order is binding on the signatories hereto pending the Court's adoption of this or an amended Protective Order. Pending submission to the Court, facsimile signatures of counsel will be binding. Counsel shall provide original signatures as soon as reasonably possible.

Dated: 2/13/06

Jonathan M. Cohen, Esq.
Dylan B. Carp, Esq.
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
Four Embarcadero Center, 10th Floor
San Francisco, CA 94111
Counsel for Defendant
FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.

Dated: _____

Scott Edward Cole, Esq.
Matthew R. Bainer, Esq.
Clyde H. Charlton, Esq.
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Suite 950
Oakland, CA 94612
Counsel For Plaintiff
STEPHEN WHITEWAY

Dated: 2/15/06

FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.
By: Ric Liskow

Dated: _____

STEPHEN WHITEWAY

[PROPOSED] ORDER

IT IS SO ORDERED.
Dated: February 27, 2006

Hon. Joseph C. Spero
U.S. Magistrate Judge

18. This Protective Order is binding on the signatories hereto pending the Court's adoption of this or an amended Protective Order. Pending submission to the Court, facsimile signatures of counsel will be binding. Counsel shall provide original signatures as soon as reasonably possible.

Dated: _____

Jonathan M. Cohen, Esq.
Dylan B. Carp, Esq.
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
Four Embarcadero Center, 10th Floor
San Francisco, CA 94111
Counsel for Defendant
FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.

Dated: 2/16/06

Scott Edward Cole, Esq.
Matthew R. Bainer, Esq.
Clyde H. Charlton, Esq.
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Suite 950
Oakland, CA 94612
Counsel For Plaintiff
STEPHEN WHITEWAY

Dated: _____

FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.
By: Ric Liskow

Dated: 2-16-06

STEPHEN WHITEWAY

[PROPOSED] ORDER

IT IS SO ORDERED.

Dated: _____

Hon. Joseph C. Spero
U.S. Magistrate Judge

9
STIPULATED PROTECTIVE ORDER