1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3
4
5
6
7
8
9

STEPHEN WHITEWAY, *et al.*,

          Plaintiffs,

    v.

FEDEX KINKOS OFFICE AND
PRINT SERVICES, *et al.*,

          Defendants.

No.  C 05-2320 SBA

**ORDER**

[Docket No. 121]

10
11
12
13
14

      Before the Court is defendant FedEx Kinkos Office and Print Services, Inc.'s (FedEx) motion to compel the plaintiff to include a request for a notice of exclusion in the mailing of the class notice [Docket No. 121]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons stated below, the motion to compel is DENIED.

15

16

                                   **BACKGROUND**

17
18
19
20
21
22
23
24
25

      On September 13, 2006, the Court ordered class certification of "current and former FedEx Kinko's [Center Managers] who were classified as exempt employees at any time between April 18, 2002, and the present." Docket No. 89. On January 16, 2007, the parties stipulated to providing class certification notice to potential members of the class by first class mail. FedEx is now requesting that the plaintiff be compelled to include a one page request for exclusion in the class notice mailing to allow recipients a means of opting out of the class action if they so choose. FedEx has agreed to provide the exclusion form and a stamped self-addressed envelope at its expense. FedEx maintains that a request for exclusion will make the class notice clearer and more concise, and will eliminate any ambiguity as to when and how members may elect to be excluded.

26
27
28

      The plaintiff opposes being required to include a "request for exclusion" form with the class notification. It is the plaintiff's position that there is no basis for requiring such an exclusion form with the class notice, that including it would cause confusion among class members, and it would increase

1    the administrative costs of the notice process.

2

3                              **LEGAL STANDARDS**

4    Federal Rule of Civil Procedure 23(c)(2)(B) provides that

5    For any class certified under Rule 23(b)(3), the court must direct to class members the
     best notice practicable under the circumstances, including individual notice to all
6    members who can be identified through reasonable effort.  The notice must concisely
     and clearly state in plain, easily understood language:
7    •       the nature of the action,
     •       the definition of the class certified,
8    •       the class claims, issues, or defenses,
     •       that a class member may enter an appearance through counsel if the member so
9            desires,
     •       that the court will exclude from the class any member who requests exclusion,
10           stating when and how members may elect to be excluded, and
     •       the binding effect of a class judgment on class members under Rule 23(c)(3).
11

12                                 **ANALYSIS**

13   FedEx acknowledges that "Federal Rule 23(b)(3) does not explicitly require a request for

14   exclusion," but argues that including makes the class notice clearer and more concise, and helps the

15   notice to be the "best notice practicable under the circumstances."  Docket No. 143.  FedEx points to

16   no authority either requiring such an exclusion notice form, or any suggesting that it would make the

17   notice the best practicable under the circumstances.  Instead, FedEx relies upon what it refers to as the

18   "customary and ordinary practice in class action litigation."  Counsel for FedEx declares that they are

19   unaware of any case amongst the hundreds they have handled where a court has refused to allow the

20   inclusion of a request for exclusion in any notice sent to class members.  Countering this, the plaintiff

21   has submitted a declaration from a class action administrator who states that "Class Notices in wage and

22   hour class actions are <u>not</u> customarily sent along with a "Request for Exclusion" form."  Docket No. 134

23   (Hamann Decl.) (underscoring in original).

24            Whatever the purported "custom" may be, the posture of FedEx's request is in the form a motion

25   to compel seeking an order from the Court mandating that the plaintiff include an exclusion notice.  It

26   is upon FedEx to demonstrate that it is entitled to the relief that it is requesting.  It has not done so.

27

28                                        2

Reviewing the Advisory Committee Notes included with Rule 23(c)(2)(B), in 2003 the Committee referred to illustrative clear-notice forms provided by the Federal Judicial Center.  *See* FED. R. CIV. P. 23(c)(2)(B) advisory committee's note.  The example notice forms provided by the Federal Judicial Center merely includes language, on the face of the notice, that a class member may decide to be excluded from the class, and if they wish to do so, they may send a letter to a given address.  *See* http://www.fjc.gov/ (Class Action Notices Page).  The notice forms do not appear to contemplate the inclusion of an exclusion notice form.  There is nothing preventing the inclusion of such a form.  But, given that the parties dispute including an exclusion form, and FedEx is seeking an order from the Court requiring the plaintiff to include it, FedEx must demonstrate either that it is required or that it can support its contention that including an exclusion form constitutes a "best practices" in this type of litigation.  They have done neither, and therefore the motion should be denied.

## CONCLUSION

Accordingly, defendant FedEx Kinkos Office and Print Services, Inc.'s motion to compel the plaintiff to include a request for a notice of exclusion in the mailing of the class notice [Docket No. 121] is DENIED.

IT IS SO ORDERED.

May 4, 2007

Saundra Brown Armstrong
United States District Judge

3