**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| STEPHEN WHITEWAY, *et al.*, | No. C 05-2320 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket Nos. 144, 147] |
| FEDEX KINKOS OFFICE AND PRINT SERVICES, *et al.*, | |
| Defendants. | |

Before the Court is representative plaintiff Stephen Whiteway's motion for a trial management order [Docket Nos. 144, 147]. Defendant FedEx Kinkos Office and Print Services, Inc.'s (FedEx) opposes the motion. *See* Docket No. 152. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78.

## ANALYSIS

On September 13, 2006, the Court ordered class certification of "current and former FedEx Kinko's [Center Managers] who were classified as exempt employees at any time between April 18, 2002, and the present." Docket No. 89. The pre-trial conference for this matter is currently set for January 8, 2008, with trial starting January 21, 2008. *See* Docket No. 150.

The central issue in this case is whether FedEx Center Managers qualify as "executive exempt," in particular whether FedEx properly classified Center Managers as "executive" positions such that they were exempt from overtime compensation. The California Labor Code allows exemptions

> from the requirement that an overtime rate of compensation be paid . . . for executive, administrative, and professional employees, provided that the employee is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, and earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment.

CAL. LAB. CODE § 515 (West 2003). This statutory exemption is further clarified by Wage Order 7-

2001 (8 CAL. ADMIN. CODE § 11070):

(1) Executive Exemption[:] A person employed in an executive capacity means any employee:

    (a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and

    (b) Who customarily and regularly directs the work of two or more other employees therein; and

    (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

    (d) Who customarily and regularly exercises discretion and independent judgment; and

    (e) Who is primarily engaged in duties which meet the test of the exemption. The activities constituting exempt work and non-exempt work shall be construed in the same manner as such items are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.102, 541.104-111, and 541.115-116. Exempt work shall include, for example, all work that is directly and closely related to exempt work and work which is properly viewed as a means for carrying out exempt functions. The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement.

    (f) Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. Full-time employment is defined in Labor Code Section 515(c) as 40 hours per week.

"Primarily" "as used in Section 1, Applicability, means more than one-half the employee's work time." *Id.*

While the present motion is framed as a motion for a "trial management order," the substance of the motion is concentrated on persuading the Court to find that representative plaintiff Whiteway's testimony will be sufficient by itself to determine whether the job duties of Center Managers falls within the executive exemptions of the statute and regulations above. Based upon the premise that the store/center managers in the FedEx Kinko's retail chain are performing the same job as one another, Whiteway contends that he as the representative plaintiff can competently and completely testify as to

2

what tasks were required of the Center Manager position and in what frequencies they were ordinarily performed. Whiteway argues that it will not be necessary to procure the testimony of numerous additional class members as such testimony would merely duplicate his own. Whiteway maintains his proposed trial management order will facilitate a more streamlined trial and avoid unnecessarily cumulative testimony of numerous witnesses, along with the introduction of the documentary evidence related to each witness called.

FedEx counters that Whiteway's request is really a disguised motion in limine to exclude all unnamed class members from testifying at trial. It argues that barring any class member other than Whiteway from testifying is tantamount to transforming the approval of Whiteway as an adequate class representative into a binding ruling on the merits that how Whiteway performed his job was how all class members performed their jobs.

FedEx maintains that propriety of its exemption classification of center managers as "exempt" will turn on the core factual/legal issue of what the class members did, how much time they spent doing it, and whether their activities were exempt or non-exempt duties. In FedEx's view, the trial will focus on subsection "e" of Wage Order 7-2001, that is to say whether the Center Managers were "primarily engaged in duties which meet the test of the exemption." The duties and the amount of time class members were engaged in such duties is, according to FedEx, a purely quantitative inquiry that should be assessed from the testimony of class members, not merely the sole testimony of the class respresentative. FedEx wishes to present up to twenty class member or "opt-out" witnesses, in addition to management and expert witnesses. And FedEx relies upon *Dunbar v. Albertson's, Inc.*, 141 Cal. App. 4th 1422 (2006), as rejecting the proposition that the a court can reasonably extrapolate at trial, based upon a single class member, the work performed by all other class members. Furthermore, FedEx contends that if a jury is not allowed to hear evidence from anyone but representative plaintiff Whiteway, then FedEx will be denied its due process right to present a full defense to the claims asserted against it.

The concern Whiteway has enunciated in his motion is that FedEx will call an unwieldy number

3

of witnesses and present unnecessarily cumulative evidence on the job duties of the Center Manager position. This concern is premature and unwarranted at this point. At the pre-trial conference the Court will allot each side a set number of hours to present their respective cases. But it is for the parties to determine, within that framework, how best to put forward their evidence and to effectively rebut the evidence offered by the other side. It will be in each party's interest to effectively manage the time allowed and not present repetitive witness testimony. The parties have estimated that trial will last between twelve to sixteen days. While this is only an estimate at this time, it is unlikely the Court will allow the amount of time that an excessive number of witnesses would require. Moreover, if one side presents needlessly cumulative evidence, the other may object under Federal Rule of Evidence 403.[1] If the objection is warranted, it will be sustained.

As a secondary matter, the plaintiff requests the Court enter a trial management order for a two-phased trial. As contemplated by the plaintiff, the first phase would address common issues of liability with Whiteway serving as the exemplar plaintiff for determining the propriety of FedEx's classification of the Center Manager position under state and federal labor laws. The second phase would deal with individual issues surrounding the damages claims of all class members. Under the plaintiff's proposal, phase two would only be necessary upon a finding of liability in phase one.

In response to Whiteway's trial management proposal, FedEx also suggests conducting the trial in phases. FedEx proposes that phase one be limited to determining the applicability of the executive exemption to class members. FedEx also argues that because it bears the burden of proof in demonstrating it is entitled to the benefit of the exemption, it would be preferable for it to present its affirmative case first why the class members meet the exemption, and then allow the plaintiff to present evidence rebutting the presumption.

FedEx, however, has not submitted a motion requesting its proposed trial management plan. At

---

[1] Federal Rule of Evidence 403 provides that "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

4

this point, FedEx's suggested trial management proposal is just that, a suggestion. There is no motion before the Court to grant or deny. In addition, neither side has presented a particularly compelling case from deviating from the usual course of a trial, with the plaintiff(s) putting on his case first, the defendants rebutting, or of the need for proceeding in the discrete phases contemplated by the parties.

## CONCLUSION

Accordingly, plaintiff Stephen Whiteway's motion for a trial management order [Docket Nos. 144, 147] is DENIED.

IT IS SO ORDERED.

May 16, 2007                           _____
                                        Saundra Brown Armstrong
                                        United States District Judge

5