|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **NORTHERN DISTRICT OF CALIFORNIA** | |
| **OAKLAND DIVISION** | |

| | |
|---|---|
| STEPHEN WHITEWAY, *et al.*, | No. C 05-2320 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 193] |
| FEDEX KINKOS OFFICE & PRINT SERVICES, INC., | |
| Defendant. | |

Before the Court is plaintiff Stephen Whiteway's Motion for Review of the Clerk's Taxation of Costs [Docket No. 193]. Whiteway seeks to vacate or reduce the Clerk's taxation of $56,788.68 in costs after judgment was entered in favor of defendant FedEx Kinko's Office and Print Services, Inc. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the motion is DENIED.

### BACKGROUND

On May 19, 2005, Whiteway, individually and on behalf of others similarly situated, filed a complaint against FedEx Kinko's in the Superior Court of the State of California. The complaint alleged that FedEx Kinko's misclassified its California Center Managers as exempt from California overtime laws. Accordingly, Whiteway sought to recover wages and penalties. On June 8, 2005, FedEx Kinko's removed the case to federal court.

On September 14, 2006, this Court granted class certification of "current and former Fed Ex Kinko's [Center Managers] who were classified as exempt employees at any time between April 18, 2002, and the present." The class consisted of approximately 500 Center Managers. FedEx Kinko's filed a motion for summary judgment, or in the alternative, for class decertification, which was granted on August 21, 2007. *See* Docket No. 184. Judgment was entered in favor of FedEx Kink's on the same day. *See* Docket No. 185.

On September 4, 2007, FedEx Kinko's filed a Bill of Costs in the amount of $56,947.68. *See* Docket No. 186. Ten days later, Whiteway filed an objection to the Bill of Costs. *See* Docket No. 188. On September 24, 2007, the Clerk of this Court assessed costs in the amount of $56,788.68, disallowing $160.00 of certain costs as outside those allowed under Civil Local Rule 54-3(c). *See* Docket No. 191.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Rule 54(d)(1) creates a presumption that the prevailing party will be awarded its taxable costs. *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). The Ninth Circuit has described this as a "strong presumption." *Miles v. State of Cal.*, 320 F.3d 986, 988 (2003). The Ninth Circuit has also noted that only "in the rare occasion where severe injustice will result from an award of costs" does a district court abuse its discretion by failing to conclude that the presumption has been rebutted. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

To overcome this presumption, a losing party must establish a reason to deny costs. *Dawson*, 435 F.3d at 1070; *Save Our Valley*, 335 F.3d at 944-45. Factors that the Ninth Circuit has approved in refusing to award costs to a prevailing party include: the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and, in civil rights cases, the chilling effect on future litigants of imposing high costs. *See Champion Produce, Inc. v. Rudy Robinson Co.*, 342 F.3d 1016, 1022-23 (9th Cir. 2003); *Save Our Valley*, 335 F.3d at 945; *Association of Mexican-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc).

A district court need not give reasons for abiding by the presumption and taxing costs to the losing party. *Save Our Valley*, 335 F.3d at 945. On the other hand, a district court must "specify reasons" for refusing to tax costs to the losing party. *Id.* The court must "explain why a case is not

'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Champion Produce*, 342 F.3d at 1022.

**ANALYSIS**

Whiteway does not specifically object to the necessity or amount of any particular cost. Rather, he urges the Court to reduce or dismiss the costs on the ground that "they are excessive, and were incurred by Defendant in an effort to litigate the claims of 493 individuals." Docket No. 193, at 5. First, Whiteway argues that the award of costs is inappropriate here because requiring a class representative to shoulder the burden of all costs incurred in defending a class action, instead of only those costs necessary to defend against the representative, would discourage future use of the class action mechanism in wage and hour cases. Second, Whiteway maintains that he was seeking to vindicate an important public policy, and the imposition of costs would have a chilling effect on other litigants similarly enforcing wage and overtime laws.

### 1. Imposing Costs on a Lead Plaintiff in a Class Action

While there is very little case law directly considering the question of taxing costs against the lead or named plaintiff in a class action, what little there is cuts against Whiteway's position. For instance, in *Wright v. Schock*, 742 F.2d 541, 542 (9th Cir. 1984), Henry and Helen Wright brought a purported class action alleging violations of federal and state securities laws and common law fraud. A class was not certified, and the Wrights were taxed $60,000 in costs. *Id*. at 545. The court noted, in dicta, that even if class certification had been granted, the Wrights would "in all likelihood . . . have had to bear this burden [of costs] alone, even if the class had been certified." *Id*. The court noted that "[a]bsent class members have no obligation to pay attorneys' fees and litigation costs, except when they elect to accept the benefit of the litigation." *Id.*

And in *Lamb v. United Security Life Co.*, 59 F.R.D. 44, 48 (S.D. Iowa 1973), the court "concluded that members of the class other than plaintiffs, who do not request exclusion, are not parties

3

and would not be liable for costs even though otherwise bound by the judgment, whether favorable or unfavorable."

Finally, in *Van de Kamp v. Bank of America*, 204 Cal. App. 3d 819, 869 (1988), a California court of appeal held that a trial court abused its discretion in ruling that a prevailing defendants' costs should be borne by the entire class of plaintiffs, rather than the named plaintiffs alone. The *Van de Kamp* court explained what it described as

> the class representatives' dilemma—they must balance the risk of liability against their potential recovery . . . . While imposition of the entire cost burden on the named plaintiffs may have a chilling effect on the willingness of plaintiffs to bring class action suits, this effect easily may be outweighed by the potential recovery. All potential litigants must weigh costs of suit against likelihood of success and possible recovery before deciding to file suit. Those who choose to take the risks of litigation should be the ones who bear the costs when they are unsuccessful . . . .

*Id*.

The cases cited by Whiteway—*Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam) (fees should not have been taxed against prisoner under 42 U.S.C. § 1983); *Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos*, 38 F.3d 615 (1st Cir. 1994) (district court's findings insufficient to support shifting attorney fees pursuant to 42 U.S.C. § 1988); and *Neider v. Comblo*, 917 F. Supp. 262 (S.D.N.Y. 1996) (defendant not entitled to attorney fees under section 1983)—involve statutory fee shifting provisions, making them inapposite. What applies here is the default provision of Rule 54 and the presumption that costs will be assessed against the losing party. Therefore, the few courts to consider this "class representatives' dilemma" have not found it inequitable to assess costs upon the lead or named plaintiff in a class action.

**2.     Costs Specific to Defending Against Whiteway**

In a related argument first asserted in his reply brief, Whiteway posits that the defendant has failed to meet its burden of showing that its costs were "necessarily incurred" as required by 28 U.S.C. § 1924 and Civil Local Rule 54-1. This is because FedEx Kinko's has not specified in its bill of costs which expenses were particular to the defense against Whiteway, as opposed to costs incurred in

4

defending against the class as a whole. *See* Docket No. 200, at 4-5.

There are at least two difficulties with this argument. First, this precise argument was not made in the briefing in support of the motion; it was raised for the first time in Whiteway's reply. Courts decline to consider arguments raised for the first time in reply. *See, e.g., Stewart v. Wachowski*, 2004 WL 2980783, at *11 (C.D. Cal. 2004); *Dietrich v. Trek Bicycle Corp.*, 297 F. Supp. 2d 1122, 1128 (W.D. Wis. 2003); *Grupo Gigante S.A. de C.V. v. Dallo & Co.*, 119 F. Supp. 2d 1083, 1103 n.15 (C.D. Cal. 2000). Second, this point is really just a reformulation of Whiteway's position that the lead or named plaintiff in a class action should not be required to bear the costs of the class, a position that Whiteway has not supported with relevant authority.

**3.     Public Policy and the Chilling Effect**

The plaintiff argues that "California wage and hour laws were implemented to protect the rights of low-wage workers, and should be analyzed in the same light as [civil rights cases]." Docket No. 193, at 4. Whiteway cites *Gentry v. Superior Court*, 42 Cal. 4th 443, 464-65 (2007), for the propositions that wage and hour laws are an important safeguard of low-wage workers' rights and that the class action vehicle is essential to the vindication of such rights. FedEx Kinko's counters that "[w]hile California wage and hour laws may serve an important public policy, not all wage and hour cases are 'unique' and automatically exempted from the cost shifting provisions of Rule 54." Docket No. 198, at 3.

Whiteway rightfully maintains, and the defendant acknowledges, that wage and hour laws are an important public policy under California law. Assuming for present purposes that wage and overtime laws are analogous to civil rights laws, a court should consider the possible "chilling effects" that the burden of costs may have. Taxing costs against unsuccessful wage and hour litigants may very well result in some "chilling effect." But the plaintiff does not explain how this potential "chilling effect" would not be true for any plaintiff bringing a class action, and the defendant correctly points out that neither a statute nor the Federal Rules provides any exemption from costs for named plaintiffs in a class action.

5

In addition, the possible "chilling effect" of costs is just one factor to be weighed against the benefits of pursuing a case as a class action. It is no secret that the class action mechanism is used not only to uphold the rights of those similarly situated, but is also a mechanism for gaining greater leverage in a plaintiff's pursuit of maintaining his own claims. While it is true that a class action may vindicate the rights of an entire class, an individual plaintiff may also strategically pursue a class action for reasons not completely altruistic. Thus, a plaintiff choosing to sue on behalf of others not only faces the possibility of greater costs, but also may receive greater benefits from the class action procedure, as noted by the *Van de Kamp* court.

Moreover, while California law does protect workers by providing wage and overtime guarantees, a California court of appeal has addressed the precise issue of whether a named plaintiff bears the costs of the class and resolved it against the position now advanced by Whiteway. *See Van de Kamp v. Bank of Am.*, 204 Cal. App. 3d 819, 869 (1988). Accordingly, a general appeal to the public policy of California law is in tension with the specific decision of a California appellate court.

And Whiteway is unable to provide any federal authority to support his position. The limited federal case law on point also suggests that a lead plaintiff bears the costs in a class action. *See Wright*, 742 F.2d at 545; *Lamb*, 59 F.R.D. at 48. So while Whiteway's broad appeal to equity to reduce or vacate costs is understandable, he does not establish reasons to deny costs. *Dawson*, 435 F.3d at 1070; *Save Our Valley*, 335 F.3d at 945-46. In the absence of a reason to deny costs, the presumption of Rule 54 stands.

## CONCLUSION

Accordingly, plaintiff Stephen Whiteway's Motion for Review of the Clerk's Taxation of Costs [Docket No. 193] is DENIED. The taxation of costs is AFFIRMED.

IT IS SO ORDERED.

December 17, 2007

_____
Saundra Brown Armstrong
United States District Judge