UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN WHITEWAY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX KINKOS OFFICE AND PRINT SERVICES, INC. and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No: C 05-2320 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR CLASS DECERTIFICATION** |

This is a certified class action brought by Plaintiff Stephen Whiteway (Plaintiff), who alleges that he and other Center Managers at FedEx Kinkos Office and Print Services, Inc. (Defendant) have been misclassified as executive-exempt employees. The parties appeared before the Court on September 29, 2009, for the hearing on Defendant's Motion for Class Decertification. Keith Jacoby of Littler Mendelson, P.C., appeared on behalf of Defendant and Scott Cole and Matthew Bainer of Scott Cole & Associates appeared on behalf of Plaintiff. Having read the papers submitted and considered the arguments of counsel, and being fully informed, the Court GRANTS the motion for the reasons set forth below.

**I.     BACKGROUND**

    **A.     PRIOR PROCEEDINGS**

Plaintiff works as a Center Manager for Defendant at one of its retail locations in California. He alleges that Defendant improperly classified Center Managers such as himself as "exempt" employees in order to avoid paying overtime compensation and other benefits. On May 19, 2005, Plaintiff filed a complaint against Defendant in state court on behalf of himself and other Center Managers alleging that Defendant has violated California wage and hour

laws. Defendant subsequently removed the action to this Court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441 and 1332.

On September 14, 2006, the Court granted Plaintiff's motion for class certification, and certified the class of "current and former FedEx Kinko's Center Managers who were classified as exempt employees at any time between April 18, 2002, and the present." Docket 184 at 15. In granting class certification, the Court determined, among other things, that there was both commonality under Rule 23(a)(2) and a predominance of common issues under Rule 23(b)(3) based upon: (1) Center Managers' similar job duties and responsibilities; (2) Defendant's company-wide policy of categorizing all Center Managers as exempt employees; and (3) the predominant legal question of "whether Center Managers' duties and responsibilities qualify as executive exempt." Docket 89 at 6-11, 13-15.

On May 16, 2007, Defendant filed a motion for summary judgment, or in the alternative, to decertify the class. The Court granted summary judgment for Defendants on August 21, 2007 (Docket 184), which Plaintiff then appealed to the Ninth Circuit Court of Appeals. On March 19, 2009, the Ninth Circuit issued a three-page unpublished memorandum disposition in which it reversed the Court's order granting summary judgment for Defendant. Focusing on the issue of whether Center Managers are primarily engaged in exempt functions, the court of appeal stated that, "we conclude that the Center Managers' tendered evidence was sufficient to establish a genuine issue of material fact regarding whether the Center Managers were realistically expected to spend half of their time on exempt tasks." See Slip Op. at 3. At the end of its order, the court included the following comment: "In remanding this case, we do not preclude the district court from reconsidering its decision to certify the class (or, if it elects to proceed with the case as a class action, from creating subclasses). The presentation by the parties on appeal created some question as to the commonality of the asserted claims." (Id.) The Ninth Circuit did not identify the particular evidence to which it was referring or the nature of its apparent concern regarding commonality.

**B. THE INSTANT MOTION**

Based on the Ninth Circuit's comments in its memorandum disposition, Defendant now moves to decertify the class. Defendant argues that Plaintiff's reliance on the 22 declarations from class members (filed in support of his class certification motion) as the basis of his efforts to obtain a reversal of the summary judgment ruling before the court of appeal demonstrates that individualized proof lies at the heart of Plaintiff's misclassification claims. In addition, Defendant contends that decertification is appropriate in light of the Ninth Circuit's recent decision in <u>Vinole v. Countrywide Home Loans, Inc.</u>, 571 F.3d 935 (9th Cir. 2009). According to Defendant, Plaintiff's arguments on appeal and, in particular, his reliance on the 22 individual declarations of class members demonstrate that common issues of fact or law do not predominate over questions affecting individual class members.

## II. LEGAL STANDARD

The district court has the discretion to certify a class under Federal Rule of Civil Procedure 23. See <u>Molski v. Gleich</u>, 318 F.3d 937, 946 (9th Cir. 2003). Rule 23(a) requires that the plaintiff demonstrate (1) numerosity, (2) commonality, (3) typicality, and (4) fair and adequate representation of the class interest. Fed. R. Civ. P. 23(a). In addition to meeting these requirements, the plaintiff must also show that the lawsuit qualifies for class action status under one of the three criteria found in Rule 23(b). See <u>Dukes v. Wal-Mart, Inc.</u>, 509 F.3d 1168, 1176 (9th Cir. 2007). Here, the Court previously ruled that Plaintiff had satisfied Rule 23(a) and certified the Class under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

A previously-certified class is subject to decertification at the Court's discretion if there are changed circumstances. See <u>General Tel. Co. of the Southwest v. Falcon</u>, 457 U.S. 147, 160 (1982) (noting that even after a class is certified, the district court "remains free to modify it in the light of subsequent developments in the litigation."); Fed.R.Civ.P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final

judgment"); Officers for Justice v. Civil Service Comm'n of City and County of San Francisco, 688 F.2d 615, 633 (9th Cir. 1982) ("before entry of final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative."); see also Marlo v. United Parcel Service, Inc., 251 F.R.D. 476, 488 (C.D. Cal. 2008) (decertifying class after subsequent discovery, motion practice, and trial preparations has revealed that the requirement of predominate common issues was not satisfied). The standard applied by the courts in reviewing a motion to decertify is the same as the standard used in evaluating a motion to certify; namely, whether the requirements of Rule 23 are met. O'Connor v. Boeing N. Am., Inc., 197 F.R.D. 404, 410 (C.D. Cal. 2000).

## III. DISCUSSION

The primary issue presented is whether this case may continue as a class action certified under Rule 23(b)(3). This rule provides, in relevant part, that "[a] class action may be maintained if Rule 23(a) is satisfied and if … ¶ (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[1] In Vinole, the Ninth Circuit held that the existence of a uniform exemption policy, standing alone, is insufficient to meet the "predominance" requirement of Rule 23(b)(3). 571 F.3d at 945. In so holding, the court expressly rejected the rule followed in Wang v. Chinese Daily News, 241 F.R.D. 601 (C.D. Cal. 2005)—which this Court relied upon in its class certification order—that certification is warranted "whenever an employer uniformly classifies a group of employees as exempt, notwithstanding the requirement that each district court conduct an individualized analysis of each employee's actual work activity." Vinole, 571 F.3d at 946. Rather, the court found that in considering whether to certify a wage and hour class action under Rule 23(b)(3), the district court is to

---

[1] The current version of Rule 23(b)(3) is slightly different than the version in effect when the class was certified. However, those "stylistic" differences do not affect the Court's analysis. See Desai v. Deutsche Bank Secs. Ltd., 573 F.3d 931, 937 (9th Cir. 2009)

consider "all factors that militate in favor of, or against, class certification," and to determine "whether trial by class representation would further the goals of efficiency and judicial economy." 571 F.3d at 946.

Of particular significance to this case is the <u>Vinole</u> court's analysis regarding the types of common proof that would and would not suffice to establish the predominance of common issues. The court explained that while an employer's "uniform application of an exemption to employees" was germane, the question under Rule 23(b)(3) counsels district court's to consider "whether the employer exercised some level of centralized control in the form of standardized hierarchy, standardized corporate policies and procedures governing employees, uniform training programs, and other factors susceptible to common proof." <u>Id.</u> The court also cited the existence of "company-wide policies governing how employees spend their time, or [] uniformity in work duties and experiences" as the type of proof that tends to "diminish the need for individualized inquiry." <u>Id.</u> In contrast, the court found that "'in cases where exempt status depends upon an individualized determination of an employee's work, and where plaintiffs allege no standard policy governing how employees spend their time, common issues of law and fact may not predominate.'" <u>Id.</u> at 946-47 (citation omitted).

Here, the Court is no longer persuaded that common questions of fact or law will predominate over questions affecting individual class members. Though Plaintiff alleges that Defendant has a policy of classifying Center Managers as exempt, he has not pointed to any policy or common practice demonstrating that these employees *as a class* are required or expected to allocate the majority of their time to non-exempt tasks. To the contrary, it is apparent from the record, including Plaintiff's counsel's arguments at the hearing, that such determination can be made only through inquiries made of the individual class members. Although Plaintiff posits that testimony from 10 to 20 class members would support the existence of a common practice, he was unable to identify any evidence to establish that the experiences of that subset of class members are representative of the experiences of the approximately 500 class members. See <u>Marlo v. United Parcel Serv.</u>, 251 F.R.D. 476, 486 (C.D. Cal. 2008) (decertifying class where plaintiff was unable "to provide common evidence

to support extrapolation from individual experiences to a class-wide judgment that is not merely speculative."). Because the core liability issues in this case cannot be resolved without resorting to individualized inquires of each class member, the requirements of Rule 23(b)(3) are not satisfied.

## IV. CONCLUSION

The Court concludes that this case, in the manner presented by Plaintiff, is incapable of resolution by reference to Defendant's policies or predominantly through other forms of common proof alone. Rather, the individual workplace experiences of each Center Manager must be assessed in order to correctly determine the propriety of the exemption. This Court finds that common issues do not predominate, and therefore, continuing class treatment of the legal issues raised in this action is inappropriate. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion for class decertification is GRANTED.

2. The Case Management Conference (CMC) previously scheduled for September 29, 2009 is CONTINUED to **December 2, 2009, at 3:15 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint CMC Statement which shall be filed no later than ten (10) days prior to the CMC that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

3. This case is referred to the Magistrate Judge Bernard Zimmerman for a mandatory settlement conference (MSC) to take place prior to December 2, 2009. If Judge Zimmerman is unable to complete the MSC prior to that date, the parties shall promptly submit a joint request to the Court to continue the December 2, 2009 CMC date to a date after the MSC. Failure to comply with this Order may result in the imposition of sanctions.

4. This Order terminates Docket 214.

IT IS SO ORDERED.

Dated: September 29, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge