UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN WHITEWAY, individually,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FEDEX KINKOS OFFICE AND PRINT SERVICES, INC. and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No: C 05-2320 SBA<br><br>**ORDER RE MOTIONS IN LIMINE AND OBJECTIONS TO EVIDENCE**<br><br>Docket 252, 253, 254 |

　　　　Plaintiff Stephen Whiteway ("Plaintiff") was previously employed by FedEx Kinkos Office and Print Services, Inc. ("FedEx") as a Center Manager at its facility in Vallejo, California. In this lawsuit, he alleges that he was misclassified as an executive-exempt employee and not paid overtime wages or provided with meal and rest breaks, in violation of California law. Trial is scheduled to commence on June 21, 2010.

　　　　The parties are presently before the Court on Plaintiff's motions in limine and Plaintiff and FedEx's respective objections to evidence. Having read and considered the papers submitted, and being fully informed, the Court: (1) DENIES Plaintiff's motions in limine; (2) OVERRULES Plaintiff's evidentiary objections; and (3) SUSTAINS FedEx's evidentiary objections. The Court resolves the instant motions and objections without oral argument. Fed.R.Civ.P. 78(b).

I.　　**BACKGROUND**

　　　　The parties are familiar with the facts of this case, which will only be briefly summarized herein. In March 1998, Plaintiff began working for FedEx as a team member. He later was promoted to supervisor and then to assistant manager. In August 2000, Plaintiff left

the company for a number of months, but returned in April 2001 to work at FedEx's Center in Santa Rosa. He became a Center Manager at the Vallejo Center in November 2001, where he remained until his resignation in October 2006. While employed as a Center Manager, Plaintiff was classified as an exempt employee and received a salary ranging from approximately $45,127 to $55,608.

On May 19, 2005, Plaintiff, then still an employee of FedEx, filed a Complaint against FedEx in state court on behalf of himself and other Center Managers alleging that FedEx had violated California wage and hour laws. FedEx subsequently removed the action to this Court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441 and 1332. On September 14, 2006, the Court granted Plaintiff's motion for class certification, and certified a class of "current and former FedEx Kinko's Center Managers who were classified as exempt employees at any time between April 18, 2002, and the present." (Docket 184 at 15.)

On August 21, 2007, the Court granted FedEx's motion for summary judgment, which Plaintiff successfully appealed to the Ninth Circuit Court of Appeals. In its unpublished memorandum disposition, filed March 19, 2009, the court stated that "we conclude that the Center Managers' tendered evidence was sufficient to establish a genuine issue of material fact regarding whether the Center Managers were realistically expected to spend half of their time on exempt tasks." See Slip Op. at 3 (Docket 207). At the conclusion of its order, the court included the following comment: "In remanding this case, we do not preclude the district court from reconsidering its decision to certify the class (or, if it elects to proceed with the case as a class action, from creating subclasses). The presentation by the parties on appeal created some question as to the commonality of the asserted claims." Id.

On remand, FedEx filed a Motion for Class Decertification, which the Court granted on October 2, 2009. (Docket 227.) On December 9, 2009, the Court scheduled the matter for a jury trial to commence on March 1, 2010. Due to a calendaring conflict, the Court rescheduled the pretrial conference for May 18, 2010 and the trial date for June 21, 2010. (Docket 263.)

In anticipation of trial, Plaintiff has filed two motions in limine. In his first motion, Plaintiff seeks an order establishing his right to have factual disputes resolved by a jury. FedEx

does not oppose this motion. Plaintiff's second motion seeks to preclude FedEx from presenting any evidence or testimony unless it relates specifically to the tasks Plaintiff actually performed on a daily basis and the job expectations actually communicated to him.[1] FedEx opposes this motion.

In addition to his motion in limine, Plaintiff has filed numerous objections to FedEx's proposed exhibits, based largely on the same arguments presented in his in limine motions. FedEx has separately filed objections to three of Plaintiff's proposed exhibits on the ground that they were disclosed after the discovery cut-off. The Court discusses these matters in turn.

## II. DISCUSSION

### A. PLAINTIFF'S FIRST MOTION IN LIMINE

Plaintiff seeks an in limine ruling that he is entitled to have a jury consider all disputed factual issues prior to the Court's decision on any equitable claims. Pl.'s Mot. at 2. FedEx responds that it previously informed Plaintiff during the meet and confer process that it did not contest Plaintiff's right to a jury trial. Def.'s Opp'n at 2. The Court notes that the purpose of the meet and confer process is to obviate, to the extent possible, the need for judicial intervention to resolve disputes. Given that the parties resolved this particular issue during their meet and confer, it is unclear why Plaintiff nonetheless chose to file a motion in limine on an undisputed matter. In any event, given the lack of any present dispute, the Court DENIES Plaintiff's first motion as moot.

### B. PLAINTIFF'S SECOND MOTION IN LIMINE

#### 1. Overview

In his second motion in limine, Plaintiff seeks to limit the evidence and testimony that FedEx may present at trial to establish that it properly classified Plaintiff as an exempt employee. Under California law, overtime pay and meal and rest breaks are not required for "exempt" employees. See Cal. Labor Code § 515; Title 8 Calif. Code Regs. § 11040. The

---

[1] Plaintiff did not enumerate his motions in limine. However, the arguments presented under headings "B" through "D" are almost worded identically. Because all of these arguments mirror each other, they will be discussed together as Plaintiff's "second" motion in limine.

1  executive exemption is set forth in Industrial Welfare Commission Wage ("ICW") Order 7-
2  2001, Cal.Code Regs., tit. 8, §11070.  To qualify as exempt, the employee must:  (1) manage a
3  customarily recognized department; (2) supervise two or more other employees; (3) have the
4  authority to hire or fire other employees or their recommendations to hire, fire, or promote are
5  given weight; (4) exercise discretion and independent judgment; (5) be primarily engaged in
6  exempt activity more than 50 percent of the time; and (6) earn a monthly salary equal to twice
7  the state minimum wage for full-time employment.  Cal.Code Regs. tit. 8, § 11070(1)(A)(1)(a)-
8  (f).

In assessing the applicability of an exemption, "[t]he work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's *realistic expectations and the realistic requirements of the job*, shall be considered in determining whether the employee satisfies this requirement."  Cal.Code Regs. tit. 8, § 11070(1)(A)(1)(e) (emphasis added); see also Sav-on Drug Stores, Inc. v. Superior Court, 34 Cal.4th 319, 336-37 (2004).  "[T]he assertion of an exemption from the overtime laws is considered to be an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption."  Ramirez v. Yosemite Water Co., 20 Cal.4th 785, 794-795 (1999).

**2. Analysis**

Plaintiff argues that in determining whether he was properly classified, the only evidence that may be considered is that which pertains to "the tasks the Plaintiff performed and the actual communications Defendant gave to the Plaintiff."  Pl.'s Reply at 1.  Based on this theory, he seeks to preclude FedEx from calling FedEx employees Karen Berglas ("Berglas"), Byron Cooper ("Cooper"), Ahmad Khan ("Khan"), Jemlynne Conley ("Conley"), Jay Dacuycuy ("Dacuycuy"), and its expert, Dr. Cristina Banks ("Banks"), as witnesses ostensibly because they lack percipient knowledge of his daily activities or what employer expectations were communicated to him.  On the same basis, he seeks to exclude any evidence regarding: "(1) the alleged corporate policy generally, (2) global surveys related to class commonality, (3) the alleged practices of other Center Managers who did not work directly with Stephen

1  Whiteway or for Stephen Whiteway's immediate supervisors, or (4) statements not directly
2  communicated to Plaintiff regarding FedEx's expectations related to the exemption issues in
3  dispute in this trial …." Pl.'s Mot. at 4.
4      Plaintiff contends that his proposed circumscription of evidence and testimony is
5  supported by the California Supreme Court's decision in Ramirez. In that case, the court
6  rejected the notion that an employee's exempt status could be determined *solely* by looking to
7  the employer's job description *or* by examining the employee's actual activities. 20 Cal.4th at
8  802. The Court explained:

> On the one hand, if hours worked on [an exempt activity] were determined through an employer's job description, then the employer could make an employee exempt from overtime laws solely by fashioning an idealized job description that had little basis in reality. On the other hand, an employee who is supposed to be engaged in [an exempt activity] during most of his working hours and falls below the 50 percent mark due to his own substandard performance should not thereby be able to evade a valid exemption.

Id. Rather, in assessing the propriety of an exemption, the trial court "must steer clear of these two pitfalls by inquiring into the *realistic* requirements of the job." Id. In making that determination, "the court should consider, first and foremost, how the employee actually spends his or her time. But the trial court should also consider whether the employee's practice diverges from the employer's realistic expectations, whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these expressions were themselves realistic given the actual requirements of the job." Id. This is a "fact specific" inquiry. Dunbar v. Albertson's, Inc., 141 Cal.App.4th 1422, 1427 (2006).

Generally speaking, Plaintiff is correct that evidence concerning how he actually allocated his time as Center Manager is a key consideration in assessing his exempt status. Ramirez, 20 Cal.4th at 802. It is not the only consideration, however, as the employer's realistic expectations and the realistic requirements of the job must be taken into account as well. Notably, neither Ramirez nor ICW 7-2001 specify that those realistic expectations or requirements are limited by the particular information communicated to the employee. Undoubtedly, an employee may be subject to an employer's expectations, even if they are not

- 5 -

communicated to him directly—as, for instance, in the case of policies contained in an employee handbook. In any event, the question of whether FedEx's realistic expectations were communicated to Plaintiff bears upon the *weight* of such evidence, not its *admissibility*.

With regard to the specific evidence in dispute, the Court finds Plaintiff's objections to be without merit. First, based on his erroneous theory of admissibility, Plaintiff argues that FedEx should be precluded from offering evidence or testimony regarding its "alleged corporate policy generally." Pl.'s Mot. at 3-5. However, that is not an accurate characterization of the evidence that FedEx seeks to admit. FedEx merely seeks to present evidence concerning its corporate policy *as it relates to the company's expectation that Center Managers perform exempt work the majority of the time*. Def.'s Opp'n at 4. Such information clearly is probative of whether Plaintiff was properly classified. See Ramirez, 20 Cal.4th at 802. With regard to FedEx's purported "global surveys related to class action commonality," Pl.'s Mot. at 4, it appears that such characterization is inaccurate as well. As FedEx explains in its opposition, the survey evidence at issue is intended to establish that other Center Managers were able to meet the company's expectations, which likewise is germane to the issue of whether FedEx's expectations were realistic.

Equally misplaced is Plaintiff's attempt to exclude Berglas, Cooper, Khan, Conley, Dacuycuy and Banks on the theory that their proposed testimony is irrelevant to whether Plaintiff was properly classified. Berglas, a FedEx human resources director, will testify regarding the training and tools provided to Center Managers to assist them in meeting the requirements of their position. Cooper, vice-president of western operations, will offer testimony regarding the requirements of the Center Manager position and how such managers are evaluated. In addition, Cooper supervised Plaintiff's District Manager, Kevin Briscoe, and will offer testimony regarding his personal interactions with the Plaintiff. Thus, not only will these witnesses offer testimony relevant to the issue of FedEx's expectations, Cooper's testimony is directly relevant to the expectations communicated to Plaintiff specifically.

Khan, Conley and Dacuycuy each are Center Managers who will testify regarding FedEx's requirements of Center Managers, as well as their personal experiences in successfully

meeting FedEx's expectations. Plaintiff argues that because these individuals worked at other facilities, they lack personal knowledge of what expectations were communicated to him or what tasks he actually performed on a daily basis. Pl.'s Reply at 3. However, as discussed, Plaintiff's attempt to limit the constellation of relevant evidence is untenable.

Finally, Plaintiff contends that Banks should not be allowed to testify because she was retained by FedEx as an expert only for class certification issues and therefore has "no personal knowledge relevant to this trial." Pl.'s Reply at 3. This contention lacks merit. Based on a survey of Center Managers she conducted, Banks concluded that Center Managers typically perform exempt duties 61% of the time. As discussed, FedEx has the right to present evidence and testimony to show the reasonableness of its expectations that Center Managers spend the majority of their time on exempt activities.

In sum, FedEx bears the burden at trial of demonstrating that its expectations were realistic. To that end, FedEx should be allowed to present witness testimony to meet that burden.[2] The Court finds no merit to Plaintiff's second motion in limine, which is therefore DENIED.

### C. OBJECTIONS TO EVIDENCE

#### 1. Plaintiffs' Objections

##### a) Testimony of Sukh Dhaliwal

Plaintiff objects to the testimony of Sukh Dhaliwal ("Dhaliwal"), a human resource generalist with FedEx, on the same grounds stated in his motion in limine; to wit, that he has no personal knowledge of Plaintiff's daily activities or what expectations were communicated to him. This argument fails for the same reasons set forth above. Dhaliwal will testify regarding the amount of control, or lack thereof, that human resources exerts over hiring, firing and discipline. Such control is relevant to the determination of whether an employee qualifies for the executive exemption. See Cal.Code Regs. tit. 8, § 11070(1)(A)(1)(c). In addition, Dhaliwal has personal knowledge of Plaintiff's performance and the communication of

---

[2] Of course, it is incumbent upon Defendant to avoid duplicative testimony and to examine these witnesses consistent with the limited amount of time allotted for trial.

FedEx's communications to him.  Plaintiff's objection to Dhaliwal's testimony is therefore OVERRULED.

### b) Remaining Objections

In addition to objecting to allowing FedEx to proffer Dhaliwal as a witness, Plaintiff objects to a number of FedEx's proposed exhibits, almost entirely on the ground that the challenged exhibit "does not prove work actually performed by or expectation actually communicated to Plaintiff."  See Pl.'s Obj. at 5, 6, 8 and 9.  These objections are based on the same arguments which Court has considered and rejected in the context of Plaintiff's second motion in limine.  To the extent that is the sole basis of Plaintiff's objections, such objections are OVERRULED without prejudice to Plaintiff's ability to object to the introduction of a defense exhibit on a different ground at trial.[3]

## 2. FedEx's Objections

FedEx objects to Plaintiff's presentation at trial of three emails to and from FedEx personnel, which are identified as Plaintiff's Exhibit 8, 9 and 10.  FedEx objects to these exhibits on the ground that they were not disclosed until after the close of discovery as part of Plaintiff's Supplemental Disclosures served on February 2, 2010.

Federal Rule of Civil Procedure 26(a)(1) requires parties to provide "the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses" and "a copy of, or a description by category and location of, all documents ... that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses," unless solely for impeachment.  Rule 26(e) requires a party to supplement or correct its disclosure or discovery response if the party subsequently acquires additional and corrective information.

---

[3] Plaintiff also objects to FedEx's Exhibits F, G and M on the ground that they were generated prior to Plaintiff's employment, and thus are irrelevant.  He also objects to Exhibits GGGGG and HHHH as hearsay.  It is neither practical nor appropriate to rule on these objections prior to trial, without considering the purpose and foundation of each exhibit.  Therefore, these objections are OVERRULED without prejudice to Plaintiff's ability to raise specific objections to them at trial.

1    Rule 37(c)(1) provides a sanction for non-compliance with Rule 26.  "[A] party that
2 without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1),
3 or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such
4 failure is harmless, permitted to use as evidence at trial, at a hearing or on a motion any witness
5 or information not so disclosed."  Fed.R.Civ.P. 37(c)(1).  The Advisory Committee Notes
6 clarify that Rule 37(c)(1) is a self-executing provision for failure to make a disclosure required
7 by Rule 26(a), without need for a motion to compel sanction.  This is true even in the absence
8 of a showing of bad faith or willfulness.  See Yeti by Molly Ltd. v. Deckers Outdoor Corp.,
9 259 F.3d 1101, 1106 (9th Cir. 2001).  The burden is on the party facing the sanctions to prove
10 substantial justification or harmlessness.  Id. at 1107.

11    Here, Plaintiff admits that he failed to disclose the emails during the course of
12 discovery, but insists that he only recently discovered them on February 1, 2010.  Plaintiff
13 asserts that his counsel, in the course of his investigation of a separate wage and hour lawsuit
14 against FedEx currently pending in state court, obtained the emails from Steve Smith, a former
15 FedEx Center Manager, and that counsel disclosed the emails to FedEx the next day.  Pl.'s
16 Reply at 2.[4]  As an initial matter, Plaintiff's factual assertions are unsupported.  Civil Local
17 Rule 7-5 requires that "[f]actual contentions made in support or in opposition to a motion *must*
18 be supported by an affidavit or declaration[.]"  Civ.L.R. 7-5(a) (emphasis added).  No affidavit
19 or declaration has been submitted in support of Plaintiff's opposition.

20    Evidentiary flaws aside, Plaintiff fails to demonstrate why he could not have discovered
21 these emails sooner.  This case has been pending since May 2005, and the emails appear to
22 have been generated in or about April 2005 and January 2006.  See Def.'s Obj. Exs. A-C.  With
23 reasonable diligence, Plaintiff's counsel should have been able to obtain these emails during
24 the last five years—as opposed to only having "just discovered" them in a different lawsuit
25 against FedEx.  See Pl.'s Reply at 2.  Nor is the Court persuaded by Plaintiff's unsupported

---

[4] The state court action is styled as Kara Allen, et al., v. FedEx Kinko's Office and Print Services, Inc., et al., Alameda County Superior Court, Case No. RG10493363.  The plaintiffs in that action are represented by the same counsel representing Plaintiff in this action.

contention that FedEx possessed these emails and should have produced them in discovery. Pl.'s Reply at 4.  Tellingly, Plaintiff fails to establish that any of these emails would have been responsive to any particular discovery request he propounded during the course of the action.

The Court concludes that Plaintiff has failed to present a substantial justification to excuse his failure to produce the emails prior to the discovery cut-off or that the late disclosure is harmless.  Because Plaintiff waited until after the close of discovery to disclose the emails, FedEx has not had an opportunity to propound discovery to interview or depose the Center Managers who appear to have been on the distribution list of these emails.  As such, allowing Plaintiff to rely on these previously undisclosed emails after the close of discovery would unduly prejudice FedEx in its attempt to defend against Plaintiff's claims at trial, which now is only a month away.  Thus, FedEx's objection to Plaintiff's Exhibits 8, 9 and 10 is SUSTAINED.  Plaintiff may not rely on the emails at trial, unless for impeachment.  See Fed.R.Civ.P. 26(a)(1)(A)(ii) (obligating parties to disclose documents "to support claims or defenses, unless the use would be solely for impeachment.").

### III.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motions in limine are DENIED.

2. Plaintiff's objections to evidence are OVERRULED.

2. FedEx's objections to evidence are SUSTAINED.

3. The pretrial conference scheduled for May 18, 2010 is CONTINUED to **June 15, 2010 at 1:00 p.m.**  No further filings relating to trial may be submitted absent prior leave of Court.

4. This Order terminates Docket 253.

IT IS SO ORDERED.

Dated:  May 17, 2010

_SAUNDRA B ARMSTRONG_
SAUNDRA BROWN ARMSTRONG
United States District Judge